# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | |
|---|---|
| LETICIA VILLARREAL | PLAINTIFF |
| CAROLYN ARNETT | CONSOLIDATED PLAINTIFF |
| v. Case No. 1:16-cv-00163 KGB | |
| KENNETH DEWITT, *et al.* | DEFENDANTS |
| LARRY NORRIS, *et al.* | CONSOLIDATED DEFENDANTS |

## ORDER

Before the Court is consolidated plaintiff Carolyn Arnett's motion for costs and attorney's fees pursuant to Federal Rule of Civil Procedure 4(d)(2) (Dkt. No. 30).[1] In her motion, Ms. Arnett seeks an Order from this Court compelling defendants Larry Norris, Ray Hobbs, Wendy Kelley, Linda Dixon, John Maples, Maggie Capel, Nurzuhal Faust, Christopher Budnik, John Mark Wheeler, Don Yancey, and Linda Dykes (collectively, the "ADC defendants") to pay $2,343.15 in costs and attorneys' fees that Ms. Arnett allegedly incurred because of defendants' refusal to waive service (*Id*.). The ADC defendants responded in opposition (Dkt. No. 32). The Court's decision on the motion is set forth below (Dkt. No. 30).

   I.   **Background**

On December 21, 2016, separate plaintiff Leticia Villarreal filed an amended complaint alleging claims against Phillip Allen, Kenneth DeWitt, Ms. Dixon, Ms. Faust, Kristina Gates, Tonya Gates, Mr. Hobbs, Stacey Smith, and Alva Yancy (Dkt. No. 2). On August 28, 2017, the Court granted Ms. Villarreal leave to amend her first amended complaint (Dkt. No. 20). On August

---

[1] Unless noted otherwise, all docket citations in this opinion refer to the consolidated action, *Villarreal v. DeWitt, et al.*, Case No. 1:16-cv-163-KGB (E.D. Ark. 2016).

29, 2017, counsel for the Arkansas Attorney General ("AAG") sent an email to counsel for Ms. Villarreal stating that, "Once served, I anticipate entering my appearance on behalf of the following: Larry Norris, Ray Hobbs, Wendy Kelley, Linda Dixon, John Maples, Maggie Capel, Nurzuhal Faust, Christopher Budnik, John Mark Wheeler, and Don Yancy. I am not authorized to accept service on behalf of any of these individuals." (Dkt. No. 31-2, at 1). On September 5, 2017, Ms. Villarreal filed her amended complaint, and Ms. Arnett filed her complaint in a separate action. *See Arnett v. Norris, et al.*, 1:17-cv-00076-KGB (E.D. Ark. 2017).

On September 12, 2017, Ms. Arnett's counsel asked counsel at the AAG's office for a list of addresses at which the ADC defendants in the *Arnett v. Norris* action could be served (Dkt. No. 31-2, at 2). In that letter, Ms. Arnett's counsel acknowledged that counsel at the AAG's office was not authorized to accept service on behalf of defendants but asked for "their various professional addresses so that [plaintiff] might avoid the additional time and expense in issuing waivers and notices of the lawsuit to each of them." (*Id.*).

On September 27, 2017, counsel for Ms. Arnett sent waiver requests to the ADC defendants in the *Arnett v. Norris* case: Mr. Norris, Mr. Hobbs, Ms. Kelley, Ms. Dixon, Mr. Maples, Ms. Capel, Ms. Faust, Mr. Budnik, Ms. Dykes, Mr. Wheeler, Mr. Yancey, and Jennifer Smith (Dkt. No. 31-4, at 1-48). Ms. Arnett represents that these waiver requests included a cover letter, a copy of her complaint, a notice of lawsuit and request to waive service of a summons, and two copies of a waiver of the service of summons form (*Id.*). Counsel at the AAG's office was copied on these waiver requests (*Id.*).

On September 29, 2017, counsel for Ms. Arnett informed counsel at the AAG's office that he had sent the waiver requests to the Arkansas Department of Correction's ("ADC") compliance office at 7300 Dollarway Road, White Hall, Arkansas 71602 (Dkt. No. 31-2, at 3). Counsel at the

AAG's office responded on October 2, 2017, that Ms. Arnett had sent the materials to the correct address (*Id.*). The waiver form specifically states: "This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within 30 days. . . from the date shown below, which is the date this notice was sent." (Dkt. No. 31-4, at 2, 6, 10, 14, 18, 22, 26, 30, 34, 38, 42, 46). On November 9, 2017, counsel at the AAG's office sent Ms. Arnett's counsel an email stating that "[m]y clients will not be waiving service." (Dkt. No. 31-2, at 4).

As a result, on November 10, 2017, Ms. Arnett sent each of the ADC defendants—plus Ms. Stacey Smith—a copy of the complaint and a summons *via* certified U.S. mail (Dkt. Nos. 31-3, at 1-3; 31-5, at 1-39). Ms. Arnett represents that this mailing cost $194.70 (Dkt. No. 31-1). Each of these mailings was directed to the ADC's compliance office (Dkt. No. 31-5). Approximately two weeks later, each of these mailings was returned to Ms. Arnett as "refused." (Dkt. No. 31, at 5).

> Counsel at the AAG's office sent Ms. Arnett the following explanation:
>
> My understanding is that if your office will send the mail via certified mail, signature confirmation, then the Compliance Department will accept service on those individuals I have previously told you they would. When you indicate [the mailing] is for restricted delivery, it tells them that only the named defendant can accept it.

(Dkt. No. 31-2, at 5). Ms. Arnett's counsel responded to counsel at the AAG's office and "confirmed our mistake insofar as we checked the box which reads: signature confirmation-restricted delivery." (Dkt. No. 32-5, at 2). Counsel for Ms. Arnett also responded that he would send the mailings again *via* certified mail, signature confirmation requested (Dkt. No. 31-2, at 5). Accordingly, on November 28, 2017, Ms. Arnett sent a copy of the complaint and summons to

3

defendants at a cost of $165.95 (Dkt. No. 31-1). As a result, the following defendants were served with a copy of the complaint and summons: Mr. Norris, Mr. Hobbs, Ms. Kelley, Ms. Dixon, Mr. Maples, Ms. Capel, Ms. Faust, Mr. Budnik, Ms. Dykes, and Mr. Yancey (Dkt. No. 31-3, at 1-3).

## II. Discussion

Ms. Arnett seeks $2,343.15 in costs and attorneys' fees allegedly incurred because of defendants' refusal to waive service without good cause (Dkt. No. 30). The ADC Defendants argue that their "reluctance to waive service was based upon their unfamiliarity and general unease with the request, and not any intentional means to avoid service." (Dkt. No. 32, at 3). Furthermore, the ADC defendants assert that they have taken several steps to assist Ms. Arnett in her attempts to perfect service (*Id.*, at 4). Finally, the ADC defendants argue that, if the Court determines that Ms. Arnett is entitled to costs, such an award should be limited to the final mailing, as Ms. Arnett's restricted delivery mailing was not successful due to an error by Ms. Arnett (*Id.*, at 5).

> Rule 4(d)(2) of the Federal Rules of Civil Procedure provides:
>
> If a defendant located within the United States fails, *without good cause*, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service;
>
> and
>
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2) (emphasis added). Rule 4(d) also prescribes the method by which a waiver may be requested, stating that "[t]he notice and request must . . . be accompanied by a copy of the complaint, 2 copies of the waiver form . . . , and a prepaid means for returning the form . . . ." Fed. R. Civ. P. 4(d)(1)(C).

4

The Court concludes that relief under Rule 4(d)(2) may be granted before a final judgment is entered. *See Costello v. Feaman*, Case No. 4:10-cv-425RWS, 2010 WL 2985660, at *2 (E.D. Mo. July 26, 2010) (citations omitted). Therefore, it is appropriate for the Court to take up this issue at this time.

Next, the Court turns to consider whether the form of the waiver of service sent to defendants complies with Rule 4(d)(1). Ms. Arnett states that the waiver packets she sent to defendants included a cover letter, a copy of the complaint, a notice of lawsuit and waiver request form, and two waiver forms (Dkt. No. 31). Ms. Arnett attached some of these documents to her motion; the complaints purportedly sent to the ADC defendants were not attached as exhibits (Dkt. No. 31-4, at 1-48). While this is understandable, the Court also notes that Ms. Arnett does not assert that she sent defendants "a prepaid means for returning the form . . . ." Fed. R. Civ. P. 4(d)(1)(C). Furthermore, the documents attached to Ms. Arnett's motion do not include prepaid means for the ADC defendants to return their forms (*see* Dkt. No. 31-4, at 1-48). In fact, the ADC defendants assert that none of the packets included a prepaid means for returning the form (Dkt. No. 32, at 2 n.2). Thus, it appears that Ms. Arnett's waiver requests lacked a prepaid means for the recipients to return the forms and therefore did not comply with the strictures of Rule 4(d)(1)(C).

The Court now considers whether "good cause" exists for defendants' refusal to waive service. "Absent 'good cause,' imposition of costs is mandatory" under Rule 4(d)(2). *Costello*, 2010 WL 2985660, at *1. The Court declines to find unfamiliarity with Rule 4(d)(2) good cause to excuse compliance with it (Dkt. No. 32, at 2-3).

Counsel at the AAG's office directed that the waiver packets be sent to the ADC compliance office (*Id*., at 3). In response, Ms. Arnett initially sent waiver requests pursuant to

Rule 4(d)(2) to the ADC defendants at the ADC compliance office (Dkt. No. 31-4, at 1, 5, 9, 13, 17, 21, 25, 29, 33, 37, 41, 45). The form utilized by Ms. Arnett cites the Rule, explains the Rule, and puts an individual on notice of the consequences of failing to comply with the Rule and failing to waive service (*see* Dkt. No. 31-4, at 2-3). Further, here, putative counsel was provided with notice of the waiver requests and copied on the requests sent to the ADC defendants (*Id.*, at 1, 5, 9, 13, 17, 21, 25, 29, 33, 37, 41, 45).

When asked to do so, instead of complying with the Rule and agreeing to waive service in accord with the Rule, the ADC defendants through their putative counsel informed Ms. Arnett that they refused to waive service (Dkt. No. 31-2, at 4). In their correspondence with Ms. Arnett, the ADC defendants offered no explanation for their refusal to waive service (*Id.*).

The ADC Defendants claim that instead of insisting on a process server individually serving each named ADC defendant, counsel at the AAG's office attempted to work with Ms. Arnett's counsel to facilitate service. This argument misses the mark set by Rule 4(d)(2).

After refusing to waive service, instead of requiring Ms. Arnett to obtain service in accord with the Federal Rules of Civil Procedure, the ADC defendants through their putative counsel insisted on receiving each summons and complaint on defendants' terms, not in compliance with technical service requirements (Dkt. No. 31-2, at 5). When Ms. Arnett next sent the summonses and complaints to the ADC compliance office, initially she sent those documents restricted delivery with signature required, as that is what typically is required by the Federal Rules of Civil Procedure for service. Those forms were returned to Ms. Arnett, purportedly because ADC compliance office employees did not want to forge signatures for the individual defendants and would not accept service in that manner (Dkt. No. 32, at 3).

Then, counsel for the AAG instructed that the summonses and complaints be sent to the ADC compliance office "in a manner that would allow Compliance to sign for the letters." (Dkt. No. 32, at 3). Ms. Arnett was instructed to send the packets certified mail, return receipt requested to allow ADC compliance office employees to sign for the packets (Dkt. No. 32, at 4). Although, as counsel at the AAG's office points out, this permitted Ms. Arnett to obtain service in a manner that avoided the need for a process server and the costs associated with personal service of process, and this forced Ms. Arnett to incur additional fees and costs to obtain service on defendants' terms, after defendants refused without explanation to waive service under Rule 4(d)(2).

"[G]ood cause to avoid an award of fees and costs under Rule 4(d)(2) will exist 'if the defendant did not receive the request . . . .'" *Double S Truck Line, Inc. v. Frozen Food Exp.*, 171 F.R.D. 251, 254 (D. Minn. 1997) (citing Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment). The record evidence indicates that a cover letter, a copy of the complaint, a notice of lawsuit and waiver request form, and two waiver forms were sent to each defendant at 7300 Dollarway Road, Suite 101, White Hall, AR 71602 (Dkt. No. 31-4, at 1-48). Defendants' putative counsel confirmed that this was the correct address (Dkt. No. 31-2). Further, defendants' putative counsel was copied on waiver packets sent to defendants (Dkt. No. 31-4, at 1, 5, 9, 13, 17, 21, 25, 29, 33, 37, 41, 45). When asked to do so, instead of complying with the Rule and agreeing to waive service in accord with the Rule, the ADC defendants through their putative counsel informed Ms. Arnett that they refused to waive service (Dkt. No. 31-2, at 4).

Here, although Ms. Arnett establishes that she sent the waiver requests to the ADC's compliance office, she does not represent that defendants themselves received the waiver requests (Dkt. No. 31, at 4). While the ADC defendants' putative counsel had knowledge of the waiver requests, she explicitly told Ms. Arnett's counsel that she was not authorized to accept service on

her putative clients' behalf (Dkt. No. 31-2, at 1). By arguing to the Court that the ADC defendants did not waive service because they "did not understand or appreciate the possible implications that could be associated with waivers," ADC defendants certainly come close to admitting that they each personally received the waiver packets and affirmatively decided not to waive service (*see* Dkt. No. 32, at 2-3). However, on the record before it, the Court declines to construe the ADC defendants' putative counsel's knowledge against the ADC defendants, given the representations made by counsel at the AAG's office to Ms. Arnett that counsel at the AAG's office was not authorized to accept service of process.

On the record before it, in sum, the Court finds that Ms. Arnett's waiver requests lacked a prepaid means for the recipients to return the forms and therefore did not comply with the strictures of Rule 4(d)(1)(C). The Court declines to find unfamiliarity with Rule 4(d)(2) good cause to excuse compliance with it. Although it is a close question, the Court declines to construe the ADC defendants' putative counsel's knowledge against the ADC defendants and, therefore, determines that the record lacks evidence that the actual ADC defendants received the waiver requests. This gives rise to good cause to avoid an award of fees and costs. The Court will not require the ADC defendants to pay to Ms. Arnett the costs of service and attorneys' fees incurred in the drafting of her present motion.

### III. Conclusion

For all the reasons discussed above, the Court denies Ms. Arnett's motion for costs and attorney's fees pursuant to Federal Rule of Civil Procedure 4(d)(2) (Dkt. No. 30).

So ordered this 29th day of March, 2019.

_____
Kristine G. Baker
United States District Court Judge