# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | |
|---|---|
| **LETICIA VILLARREAL** | **PLAINTIFF** |
| **CAROLYN ARNETT** | **CONSOLIDATED PLAINTIFF** |
| v. | Case No. 1:16-cv-00163 KGB |
| **KENNETH DEWITT,** *et al.* | **DEFENDANTS** |
| **LARRY NORRIS,** *et al.* | **CONSOLIDATED DEFENDANTS** |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court is the motion for protective order filed by consolidated defendants Larry Norris, Ray Hobbs, Wendy Kelley, Linda Dixon, John Maples, Maggie Capel, Nurzuhal Faust, Christopher Budnik, John Mark Wheeler, Don Yancey, and Linda Dykes (collectively, the "ADC defendants") (Dkt. No. 47). Plaintiff Leticia Villarreal opposes the motion (Dkt. No. 48). ADC defendants filed a reply (Dkt. No. 49).

For good cause shown, the Court grants ADC defendants' motion for protective order pursuant to Federal Rule of Civil Procedure 26(c) (Dkt. No. 47). The Court enters this Confidentiality and Protective Order ("Order"), which shall govern the above-captioned action and any action consolidated therewith. References to "this action" or "this litigation" shall refer to the above-captioned action and any action or litigation consolidated therewith.

The Court drafted this Order based upon its understanding of the parties' concerns and proposals with respect to anticipated discovery in this matter. To the extent the parties believe the Court did not address or fully appreciate issues presented by anticipated discovery in this matter, the parties may file a motion for reconsideration with the Court raising these issues specifically.

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Court enters the following Order that shall govern the handling of any information, document or thing, or portion of any document or thing that warrants confidential treatment as provided for herein. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **DEFINITIONS**

   2.1. <u>Acknowledgment and Agreement to Be Bound</u>: the Acknowledgment and Agreement to Be Bound that is attached hereto as Exhibit A. Counsel who disclose Confidential Information or Items or Highly Confidential Information or Items pursuant to this Order must maintain each Acknowledgment and Agreement to Be Bound executed by persons to whom counsel has disclosed Confidential Information or Items or Highly Confidential Information or Items.

   2.2. <u>Challenging Party</u>: a Party or Non-Party who challenges the designation of information or items under this Order.

   2.3. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Confidential Information or Items also means and includes derivations, abstracts, excerpts, summaries, compilations, or analyses of Confidential Information.

2.4. <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staff) and future counsel of record.

2.5. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

2.7. <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for the heightened protection described in this Order and under Federal Rule of Civil Procedure 26(c). Highly Confidential Information or Items also means and includes derivations, abstracts, excerpts, summaries, compilations, or analyses of Highly Confidential Information.

2.8. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9. <u>Party</u>: any named party to this action, including all of its officers, directors, and employees.

2.10. <u>Privileged Material</u>: any document or information that is protected from disclosure by a privilege, immunity, or other protection, including, without limitation, the attorney-client privilege, the work product doctrine, or the joint defense or common interest privilege.

2.11. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12.  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors to the extent they provide such services.

2.13.  <u>Protected Material</u>:  any Disclosure or Discovery Material that is defined and/or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  This term also includes any document which, due to its format or type, is not amenable to physical branding or stamping but for which the Producing Party has notified the Receiving Party in writing is Confidential Information or Highly Confidential Information.

2.14.  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1.  <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not unjustifiably included within the ambit of this Order.

Mass, indiscriminate, or routine designations made without reasonable, good faith efforts to assess whether the underlying material is Confidential or Highly Confidential are prohibited absent discussion and agreement among the parties.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties in writing that it is withdrawing the mistaken designation.  Unless otherwise stipulated to by the Parties, within 14

calendar days of providing the notification, the Designating Party shall, at its own expense, produce new copies of the material with either the proper designation or no designation, as is appropriate.

  5.2. <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

  Designation in conformity with this Order requires:

    a. <u>for information in documentary form</u>, (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each document that contains Protected Material.

  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each document that contains Protected Material.

    b. <u>for testimony given in deposition or in other pretrial or trial proceedings, and for any comments, references, or arguments based on such testimony</u>, that the Designating Party may, within 28 calendar days after receipt of the transcript, identify the specific portions by

line and page numbers of the testimony, comments, references, or arguments as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony, comments, references, or arguments that are appropriately designated for protection within the 28 calendar days shall be covered by the provisions of this Stipulated Protective Order. Until expiration of the 28-calendar day period, the entire transcript will be treated as "CONFIDENTIAL" pursuant to this Protective Order.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 28-calendar day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

  c. <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. It is expressly understood that during any interim

period in which no designation was made of material produced by either a Party or Non-Party and use of the information was made accordingly, there shall be no consequence for such interim use.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Confidentiality and Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 calendar days of the date of service of notice (or within any additional time period agreed to in writing by the Challenging Party). In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3. Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion to modify confidentiality after first meeting and conferring as provided for in Section 6.2 of the Order. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge. To the extent the Court rules that any information designated as Protected Material is not entitled to the level of protection asserted by the Designating Party, the Designating Party, at its own expense, shall produce new copies of the material with either the proper designation or no designation, as is appropriate, and to the extent possible with a conformed Bates number or other order designation to allow for ease of access and consistent sequencing in production.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including in connection with any related alternative dispute resolution process. Such Protected Material may be shown to, discussed with, or otherwise disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below, titled "FINAL DISPOSITION." Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    a.    the parties, including officers, directors, and employees (including In-House Counsel) to whom disclosure is reasonably necessary for this litigation;

    b.    the Receiving Party's Counsel in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the Acknowledgment and Agreement to Be Bound;

    c.    consultants or experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment and Agreement to Be Bound;

    d.    the Court and its personnel;

    e.    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment and Agreement to Be Bound;

    f.    witnesses who are noticed for deposition or designated as trial witnesses in the action (including during depositions and at trial) to whom disclosure is reasonably necessary and who have signed the Acknowledgment and Agreement to Be Bound, unless otherwise agreed by the Designating Party or ordered by the Court (if a witness noticed for deposition refuses to sign the Acknowledgment and Agreement to Be Bound, the parties shall work cooperatively to obtain a prompt hearing before the Court or Magistrate Judge to resolve any issues of confidentiality);

g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

h. mediators or other ADR professionals and their staff who are mutually selected by the Parties for use in this action and who have signed the Acknowledgment and Agreement to Be Bound.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, only the Receiving Party's Counsel and the Court and its personnel may keep a copy of any information or item designated HIGHLY CONFIDENTIAL. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, other individuals, including but not limited to those identified in Paragraph 7.2 of this Order, may not keep a copy of any information or item designated "HIGHLY CONFIDENTIAL" Information or Items; may not view the Highly Confidential Information or Items outside the direct supervision of Counsel; may not take notes concerning the content of the Highly Confidential Information or Items; and may not use the Highly Confidential Information or Items for any purpose other than in connection with the prosecution or defense of this lawsuit.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

8.1. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

8.2. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order (such notification shall include a copy of this Order); and

8.3. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.4. If the Designating Party timely seeks a protective order (and gives the Party served with the subpoena or court order notice of the same), the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued or another court if by agreement or court order, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2. In order to provide the parties an adequate opportunity to designate materials produced by Non-Parties in this litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," all such materials shall be deemed "CONFIDENTIAL," whether or not so

designated by the Non-Party, for a period of seven calendar days following production to the parties (or until an additional time period agreed to, in writing, by the parties). Furthermore, the inadvertent failure by any Party to designate materials produced by Non-Parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within that period shall not waive a Party's right to later so designate such information with prospective effect, so long as the designation correction is made in a timely fashion and consistent with Section 5.2 of this Order. The Receiving Party may challenge the designation as provided by Section 6 of this Order.

10. **INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL OR OTHERWISE PROTECTED MATERIAL**

The inadvertent or erroneous disclosure by a party or third party of Confidential, Highly Confidential, or Privileged Material in connection with this litigation will not be construed as a waiver, in whole or in part, of (1) that party or third party's claims of confidentiality or privilege (including but not limited to attorney-client privilege, work product doctrine, and joint/common interest privilege) either as to the specific information disclosed or more generally as to the subject matter of the information disclosed, or (2) the party's right to designate the material as Confidential or Highly Confidential or to withhold the material on the grounds that it is Privileged Material in this litigation or in any other proceeding, including in federal and state proceedings.

    a.    The party that made the inadvertent or erroneous disclosure shall promptly notify the other party following discovery of the production, and that other party (the "Returning Party") (1) shall in the case of Privileged Material, (i) sequester, return, or destroy the inadvertent or erroneously disclosed document or information forthwith, as well as any and all copies thereof and (ii) destroy or sequester any references to the erroneously or inadvertently disclosed document or information, or its contents, to the extent such references exist in other materials prepared by the

Returning Party at the expense of the Producing Party;[1] or (2) in the case of a Confidential or Highly Confidential document, shall mark it and all copies "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the expense of the Producing Party and treat the document in accordance with the terms of this Protective Order.

b. The Returning Party's return, sequester, or destruction of any discovery item pursuant to this provision shall not in any way preclude the Returning Party from moving the Court for a ruling that the document was never entitled to protection as Privileged Material. If any inadvertently or erroneously produced Privileged Material, Confidential Information, or Highly Confidential Information has been provided to a Non-Party by a non-Producing Party, the non-Producing Party will use all reasonable efforts to secure the return of the Privileged Material (and the destruction of any references thereto) and/or proper designation of the Confidential Information or Highly Confidential Information, including reminding the Non-Party of its obligation to adhere to the terms of this Protective Order that Non-Party agreed to by executing the Acknowledgement and Agreement to be Bound attached as Exhibit A and by providing the Producing Party with the name, address, and telephone number of such recipient(s), as well as the date of and reason for the transmission of the Privileged Material, Confidential Information, or Highly

---

[1] For purposes of clarity, the Returning Party may only elect to sequester documents subject to a clawback if the Returning Party is challenging whether the documents are privileged per the procedures set forth in this protocol.

14

Confidential Information. Notice of inadvertent or erroneous disclosure shall apply to all copies of the document or information disclosed.

 c. For disputes regarding inadvertently produced Confidential Information or Highly Confidential Information, follow procedures in Section 6 of this Agreement. A Receiving Party that disputes a claim of inadvertent or erroneous production of Privileged Material shall notify the Producing Party of the dispute and the basis therefor in writing within ten (10) calendar days of receipt of the notification of inadvertently produced Privileged Material. The Producing Party and Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim. In the event that the Producing Party and Receiving Party do not resolve their dispute, either of them may bring a motion for a determination of whether the information is entitled to protection as Privileged Material. If such a motion is made, the Producing Party shall submit to the Court for *in camera* review a copy of the disputed documents or information in connection with its motion papers. The Producing Party must preserve the information until the claim is resolved.

**11.** **MISCELLANEOUS**

11.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2. <u>Right to Assert Other Objections</u>. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.3. <u>Modification.</u> Any Party for good cause shown may apply to the Court for modification of this Protective Order. This Protective Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of conclusion of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this action generally.

11.4. <u>Non-waiver of Privileges</u>. In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, any inadvertent or erroneous disclosure of Privileged Material shall not be deemed to waive—in this litigation or in any other federal or state proceeding—any applicable privilege or immunity (including, without limitation, the attorney-client privilege, the work product doctrine, and the joint defense or common interest privilege) that would otherwise attach to the document or information or to other documents or information, regardless of the extent (if any) to which the Party producing the document or information has reviewed the document or information for privilege or other protection. In no event shall the inadvertent or erroneous production, disclosure, or transmission of Privileged Material form the basis for a claim that the material is not so protected.

11.5. <u>Filing Protected Material</u>.

  a. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

  b. A Party may obtain leave of the Court for each document (or portion thereof) that is requested to be filed under seal.

c. The record must be filed in a sealed envelope in compliance with Section IV.B of this Court's CM/ECF Administrative Policies and Procedures Manual for Civil Filings. The sealed envelope must also contain the following statement:

CONFIDENTIAL: THE CONTENTS OF THIS ENVELOPE ARE NOT TO BE SCANNED OR ARE SUBJECT TO A PROTECTIVE ORDER OF THIS COURT AND SHALL NOT BE SHOWN TO ANY PERSONS OTHER THAN THE JUDGE OF THIS COURT, THE JUDGE'S PERSONNEL, OR ATTORNEY IN THIS CASE.

d. In the event the Party moving to seal Protected Material is not also the Designating Party, then: (i) the Party moving to seal is required only to note in its motion that it is moving to seal the material because it has been designated as Protected Material by another Party; and (ii) the Designating Party shall file a response in support of sealing the Protected Material, if any, no later than five (5) days following the filing of the motion to seal.

e. A pleading or other paper to be filed with the Court shall not be considered untimely if a motion to file under seal or consent order to seal is filed with the Court on or before the due date of the pleading or other paper, even if the Court does not rule on the motion to seal or consent order to seal on or before the applicable deadline for filing the pleading or other paper.

12. **FINAL DISPOSITION**

Within 60 calendar days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party, upon

17

request by the Producing Party, shall submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-calendar day deadline that affirms that the Receiving Party has taken reasonable steps to return or destroy all Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

This Order is without prejudice to the right of any Party hereto to introduce Confidential Information or Highly Confidential Information at a trial of this proceeding.

It is so ordered this 5th day of September, 2019.

_____
Kristine G. Baker
United States District Judge

**Attachment A**

**Acknowledgment and Agreement to be Bound**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto; understands the terms thereof; and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Court herein in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the Order solely for the purposes of the above captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____     _____
Date                                                              Signature