**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | |
|---|---|
| LETICIA VILLARREAL | PLAINTIFF |
| CAROLYN ARNETT | CONSOLIDATED PLAINTIFF |
| v. | Case No. 1:16-CV-00163 KGB |
| KENNETH DEWITT, et al. | DEFENDANTS |
| LARRY NORRIS, et al. | CONSOLIDATED DEFENDANTS |

**PLAINTIFF'S UNOPPOSED MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCECURE 41(a)(2)**

NOW COMES Consolidated Plaintiff, CAROLYN ARNETT, by and through her attorneys, and moves, without opposition, for the entry of a voluntary dismissal order as to all Defendants, with each party bearing their own costs, in the matter of *Arnett v. Dewitt, et al.*, Eastern District of Arkansas District Court Case No. 1:17-CV-00076-KGB, and in support thereof, respectfully states as follows:

1. Federal Rule of Civil Procedure 41(a)(2) provides that an action may be dismissed at the plaintiff's request by court order, on terms that the court considers proper. *See* Fed. R. Civ. P. 41(a)(2); see also *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984). "The general practice of the federal courts is to permit voluntary dismissal, 'unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *St. Paul Fire and Marine Ins. Co. v. Casualty Reciprocal Exchange*, 118 F.R.D. 480, 483 (W.D. Ark. 1987) (quoting 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2364 at 165 (1971)).

4. "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the

defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). The current case has not been previously voluntarily dismissed.

5.  As explained in her contemporaneous supportive brief, Plaintiff wishes to voluntarily dismiss the instant lawsuit. Defendants will suffer no prejudice from a voluntary dismissal. Indeed, they do not even object to Plaintiff's motion for voluntary dismissal. Plaintiff therefore respectfully requests that this Honorable Court grant her motion for voluntary dismissal without prejudice.

WHEREFORE Consolidated Plaintiff, CAROLYN ARNETT, prays this Honorable Court grants her motion for voluntary dismissal *Arnett v. Dewitt, et al.*, Eastern District of Arkansas District Court Case No. 1:17-CV-00076-KGB per Rule 41(a)(2), with each party bearing their own costs, and for whatever other relief it deems appropriate and just.

Respectfully submitted,

Michael J. Laux
Michael J. Laux
E. Dist. Arkansas Bar No. 6278834
One of the Attorneys for PLAINTIFF
LAUX LAW GROUP
400 W. Capitol Avenue, Suite 1700
Little Rock, AR 72201
Telephone: (501) 242-0750
Facsimile: (501) 372-3482
E-mail: mlaux@lauxlawgroup.com
         mikelaux@icloud.com